IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRATIAN TERRELL JACKSON, )
)
Petitioner, )
) 1:26CV300
v. ) 1:19CR277-1
)
UNITED STATES OF AMERICA, )
)
Respondent. )

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The petitioner, a federal prisoner, styled as a Motion, Docket Entry 33, raising Federal Rule of Criminal Procedure 36 as a vehicle to correct an alleged clerical error in his Presentence Investigation Report. However, in it, the petitioner argues that his Presentence Investigation Report contained a substantive error by including as relevant conduct information related to state charges that were pending at the time of his sentencing, but that were later dismissed. In fact, the petitioner's attorney raised, but lost, an objection to the inclusion of this conduct at sentencing. Docket Entry 30 at 40-44. Therefore, rather than a motion to correct a clerical error under Rule 36, the petitioner's filing is actually an attack on the sentence he received in this Court. The proper method for attacking a sentence on collateral review is typically a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For that reason, the Court will construe the petitioner's current submission as such a motion. However, it

cannot be further processed because it is not on the proper § 2255 form. In addition, the petitioner appears to contend that the Court erroneously applied the United States Sentencing Commission, *Guidelines Manual* regarding relevant conduct. However, he should be aware that such claims are not ordinarily cognizable on collateral review. *United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015).

Because of these pleading failures, this particular motion will be dismissed, but without prejudice to the petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion.[1] To further aid the petitioner, the Clerk is instructed to send the petitioner

---

[1] Because the petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if the petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, the petitioner should act carefully in resubmitting a motion. *See generally Castro v. United States*, 540 U.S. 375 (2003). If the petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by the petitioner. If the petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, the petitioner may choose not to submit a motion, in which case his claims will not be considered further.

2

new § 2255 forms and instructions for filing a § 2255 motion, which the petitioner should follow if he wishes to bring a claim under § 2255.

**IT IS THEREFORE ORDERED** that the Clerk is instructed to send the petitioner § 2255 forms and instructions.

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to the petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 8th day of April 2026.

JoAnna Gibson McFadden
United States Magistrate Judge

3